(No. 91-CC-3394—

HELEN ZELLERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 6, 1992.*

LOUIS E. OLIVERO, for Claimant.

ROLAND W. BURRIS, Attorney General (VANESSA V. ALEXANDER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause coming on to be heard on Respondent's motion to dismiss, due notice having been given, Claimant having failed to respond, and the Court being fully

advised in the premises finds:

Claimant herein seeks damages for personal injuries allegedly sustained in a whirlpool at Illinois Beach Resort and Conference Center, Zion, Lake County, Illinois, on April 29 and 30, 1990. Claimant alleges injuries due to improper maintenance and chemical testing of the whirlpool.

On April 29 and 30, 1990, there was in effect a concession lease between the State of Illinois Department of Conservation and Lotteo S. Balaco for premises commonly known as the Illinois Beach Lodge at the Illinois Beach State Park Resort and Conference Center. The lease provides that:

"lessee has the right, privilege and duty to equip, operate and maintain the ° ° ° entire lodge, including public lobby/lounge and restrooms, restaurant, meeting rooms, covered pool, tennis courts, and lodge guest parking lot and paved delivery areas, together with the land areas surrounding the physical perimeter of these facilities ° ° °" (Concession Lease, page 1).

Nowhere in the lease is the whirlpool excepted from lessee's responsibilities.

Section 25 of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.24—5) and section 790.60 of the Court of Claims Regulations (Ill. Adm. Code 790.60) require that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

Claimant has failed to file suit against the lessee, Lotteo S. Balaco. By not pursuing any remedy which may have been derived from Lotteo S. Balaco, Claimant has failed to comply with section 25 of the Court of Claims Act and section 790.60 of the regulations of this Court. Section 790.90 of the Court of Claims Regulations provides that failure to comply with the provisions of section

790.60 shall be grounds for dismissal. See *Patton v. State* (1988), 41 Ill. Ct. Cl. 78, 79.

The motion of Respondent is hereby granted, and the claim herein is dismissed with prejudice.